## Glick v. Ludwig et al.

G. T. Hambright, for appellants.
Sidney L. Rosenblum, for appellee.

WISSLER, J., May 22, 1942.—The Manufacturers' Casualty Insurance Company appealed from the decision of the Workmen's Compensation Board made February 2, 1942, affirming the award of the referee made July 31, 1941, directing defendant to pay $150 for dental services and bridgework made necessary when claimant, Carl Glick, lost some teeth due to being knocked in the mouth by a steer in the course of his employment by defendant.

This appeal presents no disputed questions of fact, as claimant states there was no disability and the referee's findings, and the opinion of the Workmen's

Compensation Board affirming same, find as a fact that there was no disability or loss of time as a result of this accident.

The question of liability is, therefore, one of law.

Section 306(e) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, provides as follows:

"During the first thirty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed. . . ."

The Workmen's Compensation Board in Hutter v. Commonwealth, 11 W. C. B. 324, and in numerous other decisions, has held that the employer is only liable for medical expenses for the first 30 days after the disability, and where there is no disability the employer is not liable for medical expenses.

While the court, in Gober v. Temple Coal Co., 25 Luzerne Legal Reg. 405, in interpreting the same provision in said act, held that the language "reasonable surgical and medical services" as provided in said act includes dental surgery, this question does not arise in the instant case because in the Gober case claimant suffered disability, and in the instant case there was no disability.

The accident in the present case occurred February 17, 1941, after the effective date of the Workmen's Compensation Act amendment of June 21, 1939, P. L. 520. Section 306(e) of this act provides, inter alia: "During the first sixty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed. . . ." The provision of this act is identical with the Act of June 26, 1919, P. L. 642, but for the change from 30 to 60 days.

That the legislature knew of the construction placed upon section 306(e) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, and the amendment

thereto, was evidenced by the fact that in the intervening Act of June 4, 1937, P. L. 1552, it struck out the phrase "after disability begins" and substituted therefor the words "after the date of injury."

It, therefore, necessarily follows that the reversion to the original language of the Act of 1915, by the Act of 1939, was an intentional approval of the prior construction. This act plainly states that the "reasonable surgical and medical services" to be furnished by an employer are only to be furnished during the first 60 days "after disability begins."

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551, provides, inter alia: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

As there was no disability in the instant case, by the clear and unambiguous words of the act of assembly, the employer was not liable for medical expenses.

And now, May 22, 1942, the court sustains the appeal of Manufacturers' Casualty Insurance Company, the appellant in this case, the award to Carl Glick, claimant, by the Workmen's Compensation Board, is set aside, and the court enters judgment for R. S. Ludwig, defendant, and Manufacturers' Casualty Insurance Company, insurance carrier for defendant.